IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**WILLIAM LOWE**,

      Plaintiff

    v.

**MICHAEL J. ASTRUE**,
Commissioner of Social Security,

      Defendant.

Civil No. 10-0904-MO

**OPINION AND ORDER**

**MOSMAN, J.,**

  Plaintiff William Lowe ("Lowe") challenges the Commissioner's decision finding him not disabled and denying his application for Disability Insurance Benefits ("DIB"). I have jurisdiction under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is AFFIRMED.

  I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and that his findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

## BACKGROUND

Born in 1965 (AR 77), Mr. Lowe initially alleged disability due to rheumatoid arthritis, back strain, left foot pain, carpal tunnel syndrome, tendinitis in his right shoulder and arm, acid reflux disease, a torn right calf muscle, and asthma. AR 90. The Commissioner denied Mr. Lowe's application initially and upon reconsideration. AR 58-70. An Administrative Law Judge ("ALJ") held a hearing on July 9, 2009 (AR 33-57), and subsequently found Mr. Lowe not disabled on July 22, 2009. AR 12-18. The Appeals Council denied review of the matter (AR 1-3) and Mr. Lowe appeals.

## THE ALJ'S FINDINGS

The ALJ found Mr. Lowe's left ankle degenerative joint disease, asthma, obesity, and left ulnar neuropathy "severe" at step two in the sequential proceedings, but found that these impairments did not meet or equal the Commissioner's listings at step three. AR 14-15. The ALJ found that Mr. Lowe retained the RFC to perform medium work, "except that he should avoid environmental irritants," should do no "repetitive reaching with the non-dominant upper extremity," and could respectively sit, stand, and walk for six hours in an eight-hour day. AR 15. At step four, the ALJ found that Mr. Lowe could perform his past relevant work, and therefore found him not disabled. AR 18.

## ANALYSIS

Mr. Lowe asserts that the ALJ erroneously assessed his (1) credibility; (2) carpal tunnel syndrome at step two in the ALJ's sequential analysis; (3) RFC under the Commissioner's administrative rulings; and (4) past relevant work at step four in the sequential analysis. He consequently asserts that the ALJ should have found him disabled.

PAGE 2 - OPINION AND ORDER

I.  **Credibility**

Mr. Lowe asserts that the ALJ's credibility determination should be reversed. The ALJ found Mr. Lowe's statements concerning his symptoms "not credible to the extent they are inconsistent with the above residual functional capacity assessment." AR 16. The ALJ concurrently discussed Mr. Lowe's activities of daily living and medical record. AR 16-17.

Mr. Lowe is correct in asserting that the ALJ may not reject a claimant's credibility based upon the conclusions reached in his RFC assessment. Pl.'s Opening Br. 12. Such analysis reverses the manner in which an ALJ considers a claimant's credibility. The ALJ must consider a claimant's symptom testimony in construing the claimant's RFC assessment. 20 C.F.R. § 416.945(a)(3); SSR 96-8p at *7 (available at 1996 WL 374184). Dismissing a claimant's credibility because it is inconsistent with a conclusion that must itself address the claimant's credibility is circular reasoning and is not sustained. *Carlson v. Astrue*, 682 F. Supp.2d 1156, 1167 (D. Or. 2010); see also *Cohoon v. Astrue*, No. 10-1219, slip op. at 12-13 (D. Or. August 30, 2011); *Young v. Astrue*, No. 09-23 (available at 2010 WL 331781 at *5 (D. Or. 2010)).

This court declines to revisit its previous holdings addressing such circular credibility analysis. The Commissioner's assertion that the ALJ's reference to his RFC in his credibility analysis simply reflects the Agency's boilerplate, and that objection to it reflects form over substance, Def.'s Br. 9, is not persuasive. The ALJ's reliance upon his own RFC assessment in finding Mr. Lowe not credible is not sustained.

However, Mr. Lowe makes no other initial challenges to the ALJ's credibility analysis. The ALJ concurrently discussed Lowe's activities of daily living and medical record in finding him not entirely credible. AR 21-22. Such citations, in concert, are appropriate. *Smolen v. Chater*, 80 F.3d

PAGE 3 - OPINION AND ORDER

1273, 1284 (9th Cir. 1996); *see* also *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (stating that the ALJ may not rely upon medical record alone in rejecting claimant testimony).

The Commissioner asserts that the ALJ properly found Lowe not credible in part because his prescription medication was based upon subjective complaints. Def.'s Br. 9. The Commissioner does not point to evidence in the record or legal authority supporting this assertion, and this court finds none. This assertion is therefore rejected.

Lowe finally asserts that the ALJ erroneously found that he failed to follow treatment regarding his failure to follow recommendations of Frederick Tiley, M.D. Pl.'s Reply Br. 5. The record shows that Lowe never returned to Dr. Tiley, M.D., who stated that " I have told Scott all along that our plan for him is to become more functional. The other objective has been to get him off lorazepam in conjunction with his narcotics." AR 247. Lowe characterized this as a "miscommunication." AR 55. Regardless, the ALJ's finding that Lowe did not follow Dr. Tiley's treatment recommendation that he reduce his narcotic use is based upon the record. The ALJ may cite a claimant's failure to follow treatment in his credibility analysis. *Smolen*, 80 F.3d at 1284; *Fair v. Bowen*, 885 F.2d 597, 603-04 (9th Cir. 1989). The ALJ's finding on this matter is therefore affirmed.

This court may affirm an ALJ's overall credibility determination while declining to affirm one aspect of it. *Batson*, 359 F.3d at 1197. Though the ALJ erred regarding his RFC assessment and credibility, and erred regarding Lowe's prescription medication requests, the ALJ's remaining credibility conclusions are based upon the record and the proper legal standards. Therefore, the ALJ's credibility conclusion are affirmed.

///

**II.    Step Two Findings**

Mr. Lowe also asserts that the ALJ should have found his alleged carpal tunnel syndrome "severe" at step two in the sequential proceedings. Pl.'s Opening Br. 10.

    **A.    Step Two Standards**

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. § 404.1520; *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive. *Id.* At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve month durational requirement. 20 C.F.R. § 404.1509; 404. 920(a)(4)(ii). If the claimant does not have such a severe impairment, he is not disabled. *Id.*

Step two findings must be based upon medical evidence. 20 C.F.R. § 404.1520(a)(ii). The Commissioner's regulations instruct that an impairment is "not severe" if it "does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). The step two inquiry is a "threshold inquiry." *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). Omissions at step two are harmless if the ALJ's subsequent evaluation considered the effect of the impairment omitted at step two. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

    **B.    Analysis**

The ALJ found that Mr. Lowe did not establish a properly supported carpal tunnel syndrome diagnosis, and therefore did not find it a medically-determinable impairment at step two. AR 15. Here the ALJ cited nerve conduction studies which showed mild left ulnar neuropathy at the elbow, without signs consistent with carpal tunnel syndrome. AR 15. The ALJ found Mr. Lowe's left ulnar neuropathy severe at step two. AR 14-15.

On August 22, 2006, examining physician Steven Vander Waal, M.D., assessed carpal tunnel syndrome based upon clinical examination. AR 221. However, nerve conduction studies performed by Barbara Hill, M.D. on January 17, 2008, showed mild left ulnar neuropathy only, and "no electrodiagnostic evidence of any other focal nerve entrapment." AR 256-57.

The record thus supports the ALJ's findings. The ALJ may reject a physician's opinion that is brief, conclusory, and inadequately supported by clinical notes. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Further, the ALJ may give greater weight to opinions rendered by a specialist. 20 C.F.R. § 404.1527(d)(5). Finally, the ALJ will give greater weight to an opinion when it "presents relevant evidence in support of an opinion, particularly medical signs and laboratory findings . . . ." 20 C.F.R. § 404.1527(d)(3). The ALJ's finding that neurologist Dr. Hill's opinion, which was supported by electrodiagnostic test results, was entitled to greater weight than the opinion of examining physician Dr. Vander Waal is consistent with these standards and is therefore affirmed.

Mr. Lowe's challenge to the ALJ's step two findings asserts no work-related limitations stemming from the ALJ's alleged omission of his carpal tunnel syndrome. Pl.'s Opening Br. 10-12. To establish an impairment at step two, the claimant must show that it "significantly limits" his ability to perform work activities, 20 C.F.R. § 404.1521(a), and Mr. Lowe presently fails to do so.

For all of these reasons, the ALJ's finding that Dr. Hill's opinion is both supported and controlling regarding Mr. Lowe's alleged carpal tunnel syndrome is affirmed. The ALJ's step two findings addressing this issue are therefore affirmed.

### III. RFC Assessment

Lowe claims the ALJ erroneously evaluated his RFC under the Commissioner's Administrative Rulings. Pl.'s Opening Br. 14.

PAGE 6 - OPINION AND ORDER

Social Security Ruling 96-8p, entitled "Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims," addresses assessment of a claimant's RFC. SSR 96-8p (available at 1996 WL 374184). The Ruling defines the RFC assessment and instructs the ALJ to make narrative findings in construing a claimant's RFC. *Id.* at *2, 7. The Ruling also instructs the ALJ to consider "all relevant evidence" in making RFC findings, and to address both the claimant's exertional and nonexertional capacity. *Id.* at *5-6.

Mr. Lowe's argument under SSR 96-8p points to his own testimony regarding limitations in walking, standing, and a need to elevate his ankle, as well as chronic pain associated with his ankle. Pl.'s Opening Br. 14-15. Mr. Lowe also asserts limitations due to his carpal tunnel syndrome, though he does not explain these limitations. *Id.* at 14. As explained above, Mr. Lowe fails to establish reversible error regarding the ALJ's assessment of his testimony, including limitations stemming from his carpal tunnel syndrome. *Infra*, 3-4. Mr. Lowe cannot now rely upon the Commissioner's Administrative Ruling as a back door to again attack the ALJ's credibility analysis, and this court rejects his request that this it reevaluate his testimony under SSR 96-8p.

Mr. Lowe also asserts that the ALJ failed to properly evaluate his obesity under SSR 96-8p and SSR 02-01, which is entitled, "Evaluation of Obesity" (available at 1982 WL 628049). Pl.'s Opening Br. 16. Mr. Lowe, who was represented by counsel, did not raise an argument pertaining to his obesity at his hearing. AR 35-57. To succeed in an obesity claim, a claimant must show that his obesity exacerbates his other symptoms. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). An ALJ is not required to discuss "the combined effect of a claimant's impairments," including obesity, " unless the claimant presents evidence in an effort to establish equivalence." *Id.* at 683. Mr. Lowe presently fails to carry this burden, and this court therefore finds no reversible error in the

PAGE 7 - OPINION AND ORDER

ALJ's omission of additional limitations stemming from his obesity.

Mr. Lowe therefore fails to establish that the ALJ improperly assessed his RFC under the Commissioner's administrative ruling. The ALJ's RFC analysis should be affirmed.

## IV.    Step Four Findings

Finally, Mr. Lowe asserts that the ALJ's step four finding was error.

At step four in the sequential proceedings, the ALJ determines if the claimant can perform his past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv). If the claimant can perform such work he is not disabled and the sequential evaluation concludes. *Id.* In construing his step four findings, the ALJ may draw upon a vocational expert's testimony to show that a claimant can perform work in the national economy. 20 C.F.R. §§ 404.1560(b)(2). The ALJ's questions to the vocational expert must include all properly supported limitations. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The ALJ may then compare the demands of a claimant's past relevant work with the claimant's RFC in determining whether the claimant may presently perform such work. SSR 82-62 at *3 (available at 1982 WL 31386).

Here, the ALJ asked the vocational expert to evaluate the exertional demands relating to Mr. Lowe's past work. AR 54. The vocational expert stated that Mr. Lowe's past work as a "design maker/sign maker/ designer" and "print shop helper" was medium-level work, and his work in sign sales and as a digital production manager was light work. AR 54. In response to the ALJ's hypothetical question based upon Mr. Lowe's RFC, the vocational expert stated that Mr. Lowe could perform each of his past work positions. AR 55-56. The ALJ incorporated this testimony into his step four finding, and subsequently found that, because Mr. Lowe could perform "medium" work, with some additional limitations, he could perform his past relevant work in the indicated positions.

PAGE 8 - OPINION AND ORDER

AR 18.

Mr. Lowe now asserts that the ALJ's findings regarding his past relevant work lack sufficient detail under SSR 82-62. Pl.'s Opening Br. 17-18. The Commissioner's administrative ruling instructs that an ALJ should obtain information about from the claimant about his past relevant work. SSR 82-62 (available at 1982 WL 31386 at *3). Here, the record contains Mr. Lowe's reports of his past relevant work (AR 46, 91-92), and the vocational expert's testimony addressed this work. AR 55-56. Because Mr. Lowe does not establish any additional work-related limitations stemming from the evidence discussed above, the ALJ was not required to include additional limitations in his questions to the vocational expert.

In summary, the ALJ's RFC analysis finding that Mr. Lowe could perform medium work, with additional limitations, is affirmed for the reasons above. The ALJ's subsequent finding that Mr. Lowe could perform the indicated positions at step four is affirmed also. Consequently, the ALJ's finding that Mr. Lowe was not disabled at step four in the sequential proceedings is affirmed.

## **CONCLUSION**

In conclusion, Mr. Lowe fails to show that the ALJ improperly evaluated his testimony, his carpal tunnel syndrome, or his RFC. He also fails to show that the ALJ made improper step four findings. The ALJ's decision is based upon the record and the correct legal standards and is therefore AFFIRMED.

IT IS SO ORDERED.

Dated this   14th   day of September, 2011.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge

PAGE 9 - OPINION AND ORDER